**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REV77 LLC,<br>an Arizona limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STEWARD HEALTH CARE<br>SYSTEM, LLC,<br>a Texas limited liability company,<br><br>　　　　Defendant. | Civil Action No. 1:20-cv-10801 |

**COMPLAINT**

Plaintiff REV77 LLC, an Arizona limited liability company, ("REV77") for its Complaint against Steward Health Care System, LLC, a Texas limited liability company ("Steward") alleges as follows:

**NATURE OF THE ACTION**

1.　This breach of contract action arises out of a between REV77 and Steward.

2.　Steward has failed to pay for hundreds of thousands of dollars' worth of advertising services and failed to respond to REV77's demands for payment.

**JURISDICTION AND VENUE**

3.　Jurisdiction is proper in this Court under 28 U.S.C. § 1332. The nature of case involves diverse parties and the amount in controversy exceeds $75,000.00.

4.　Venue in this district is proper under 28 U.S.C. § 1391 as Steward resides in Massachusetts, a substantial part of the events giving rise to REV77's claims herein occurred in this judicial district, and the parties' contract requires litigation in the state or federal courts in Massachusetts.

5.　Specifically, Section 10.8 of the parties' Master Services Agreement, entitled "Dispute Resolution" provides as follows:

> Any and all disputes, claims or litigation arising from or related in any way to this Agreement will be resolved exclusively by the courts in the Commonwealth of Massachusetts. [REV77] waives any objections and agrees to submit to the personal jurisdiction of the state and federal courts in Boston, Massachusetts.

## THE PARTIES

6. REV77 is an Arizona limited liability company that provides digital marketing services.

7. Upon information and belief, Defendant Steward is a Texas limited liability company with an office and doing business in Boston, Massachusetts.

8. Upon information and belief, Defendant Steward is the largest physician-led, private, for profit health care network in the United States.

9. Upon information and belief, Steward employs 40,000 people at thirty-six hospitals and hundreds of urgent care, skilled nursing, and primary and specialty care medical practice locations across eleven states and the country of Malta.

## GENERAL ALLEGATIONS

10. On or about March 13, 2019, REV77 and Steward entered into a Master Services Agreement (the "MSA") whereby REV77 agreed to perform certain digital marketing services for Steward as further defined in Statements of Work or Insertion Orders agreed to by the parties.

11. Pursuant to Section 3 of the MSA, Steward agreed to pay the costs and expenses incurred by REV77 in performing certain marketing services and that "all undisputed payments will be due sixty (60) days after Steward's receipt of [REV77's] invoice."

12. Pursuant to the MSA, REV77 performed the agreed-upon services and billed Steward accordingly.

13. On December 5, 2019, REV77 sent Steward invoice no. 8-20-122019 in the amount of $98,144.17 for digital marketing services performed by REV77 in November 2019.

14. Steward never objected to invoice no. 8-20-122019 and therefore, payment was due on or before February 3, 2020, but Steward failed to pay.

15. On January 13, 2019, REV77 sent Steward invoice no. 8-21-12020 in the amount of $111,848.50 for digital marketing services performed by REV77 in December 2019.

16. Steward never objected to invoice no. 8-21-12020 and therefore, payment was due on March 13, 2020, but Steward failed to pay.

17. On February 1, 2020, REV77 sent Steward invoice no. 17-4-022020 in the amount of $23,500.00 (later reduced to $18,017.00) for digital marketing services performed by REV77 in January 2020.

18. Steward never objected to invoice no. 17-4-022020 and therefore, payment was due on April 1, 2020, but Steward failed to pay.

19. On February 11, 2020, REV77 sent Steward invoice no. 8-22-22020 in the amount of $213,720.18 for digital marketing services performed by REV77 in January 2020.

20. Steward never objected to invoice no. 8-22-22020 and therefore, payment was due on April 11, 2020, but Steward failed to pay.

21. On March 9, 2020, REV77 sent Steward invoice no. 8-23-32020 in the amount of $154,806.15 for digital marketing services performed by REV77 in February 2020.

22. Steward did not object to invoice no. 8-23-32020 and, therefore, payment is due on May 8, 2020.

23. On March 24, 2020, REV77 sent Steward invoice no. 8-24-32020 in the amount of $90,423.91 (later reduced to $86,323.91) for digital marketing services performed by REV77 in March 2020.

24. Steward did not object to invoice no. 8-24-32020 and, therefore, payment is due on May 24, 2020.

25. In total, after applying credits received from Google, Steward owes REV77 $651,293.08 for marketing services rendered by REV77 under the MSA and related statements of work and insertion orders.

26. Of that total owed by Steward, $410,163.02 is already passed due and owing in breach of the now terminated MSA.

## COUNT ONE

### (Breach of Contract)

27. REV77 incorporates each and every allegation previously set forth herein as if fully set forth in this Count One.

28. The MSA and its related statements of work and insertion orders constituted a valid and enforceable contract.

29. The MSA required and Steward agreed to pay REV77 for the costs and expenses it incurred in providing marketing services.

30. The MSA required and Steward further agreed to pay REV77's invoices within sixty (60) days.

31. Steward breached the MSA by failing to timely pay at least four (4) invoices when due.

32. As a direct and proximate cause of Steward's breach of contract, REV77 was and continues to be damaged in an amount to be proven at trial.

33. REV77 is entitled to recover its attorneys' fees and costs pursuant to Upon information and belief, REV77 is entitled to recover its attorneys' fees and costs pursuant to M.G.L. c. 93a § 11 and/or M.G.L. c. 231 § 6F.

## COUNT TWO

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

34. REV77 incorporates each and every allegation previously set forth herein as if fully set forth in this Count Two.

35. Every contract in Massachusetts implies a covenant of good faith and

fair dealing between the parties, prohibiting either party from doing "anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

36. The MSA and its related statements of work and insertion orders constituted a valid and enforceable contract.

37. Steward breached the duty of good faith and fair dealing implied in the MSA by failing to timely pay at least four (4) invoices when due.

38. As a direct and proximate cause of Steward's breach of the duty of good faith and fair dealing, REV77 was and continues to be damaged in an amount to be proven at trial.

39. Upon information and belief, REV77 is entitled to recover its attorneys' fees and costs pursuant to M.G.L. c. 93a § 11 and/or M.G.L. c. 231, §6F.

**WHEREFORE,** REV77 prays for judgment against Steward as follows:

A. For an award of general and compensatory damages, in an amount to be determined at trial;

B. For an award of attorneys' fees and costs incurred herein pursuant to

C. For pre- and post-judgment interest at the greatest rate permitted by law;

D. For such other and further relief as the Court deems appropriate and equitable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff REV77 hereby demands a jury trial as provided by Rule 38(c) of the Federal Rules of Civil Procedure.

DATED: April 24, 2020.

**REV77 LLC**
By its attorneys

/s/ Ronald D. Roach
RONALD D. ROACH
RDR Law PLC
16427 N. Scottsdale Rd., Suite 410
Scottsdale, Arizona 85054
ron.roach@rdrlawplc.com

/s/William Swiggart/
WILLIAM F. SWIGGART
BBO No.490,670
Swiggart & Agin, LLC
400 Tradecenter Drive, #5900
Woburn, Massachusetts 01801
wfs@swiggartagin.com